# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Eddy Galvez<br>*Plaintiff*<br><br>v.<br><br>Federal Express Corporation and<br>Hartford Life Insurance Company<br>*Defendant* | Civil Action No.: 2022-cv-00488<br><br>Section: |

## COMPLAINT

The Complaint of Eddy Galvez respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. seq.

3. Plaintiff, Eddy Galvez, of lawful age and a resident of St. James Parish, Louisiana, is a plan participant and beneficiary of an ERISA plan ("The Plan") created by his former employer, Federal Express Corporation, and an insured participant of a group disability policy administered or issued by Hartford Life Insurance Company.

4. Defendant, Federal Express Corporation (hereinafter "EMPLOYER"), is a foreign corporation authorized to do and doing business in Louisiana.

5. Defendant, Hartford Life Insurance Company ("'INSURER"), is a foreign corporation authorized and doing business in Louisiana.

6. EMPLOYER created an employee benefit plan for its employees under ERISA, which plan included short and long-term disability benefits.

7. INSURER issued a group policy insuring the employees of Employer. Alternatively, EMPLOYER granted INSURER, the right and authority to control and manage the

       operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

8. ERISA mandates that all plan administrators and fiduciaries discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

9. EMPLOYER and INSURER are a fiduciary of The Plan under the applicable laws and regulations.

10. Plaintiff's treating physician(s) have set forth limitations on rendering Plaintiff disabled under the terms of the policy.

11. Plaintiff filed a claim for disability benefits under The Plan due to medical condition(s) precluding continued performance of the material and substantial job duties on a fulltime basis.

10. Plaintiff is disabled under the terms of the disability policy at issue.

11. EMPLOYER and INSURER unlawfully denied Plaintiff benefits under terms of the disability policy.

12. Plaintiff appealed the denial, but EMPLOYER and INSURER upheld the arbitrary and capricious decision.

13. EMPLOYER and INSURER's denial is based on insubstantial evidence and is arbitrary and capricious and an abuse of discretion.

14. Plaintiff has exhausted administrative remedies and now timely files this suit to reverse denial of benefits.

15. EMPLOYER and INSURER abused their discretion as plan administrators by denying Plaintiff's claim for disability benefits in bad faith.

16. EMPLOYER and INSURER abused their discretion by failing to consider the disabling,

synergistic effect of all of Plaintiff s medical conditions.

17. EMPLOYER and INSURER abused their discretion by failing to consider the medical condition(s) in relation to the duties of all occupations.

18. Upon information and belief, EMPLOYER and INSURER administered Plaintiff's claim with an inherent and structural conflict of interest as INSURER is incentivized to deny claims and its payment from EMPLOYER increase based on such denials.

19. EMPLOYER and INSURER have failed to give the policy and Plan a uniform construction and interpretation.

20. Plaintiff has been denied the benefits due Plaintiff under the Plan, including but not limited to benefits contingent upon approval of short-term disability benefits such as long-term disability benefits, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

22. The denial has required Plaintiff to hire an attorney to represent him in this matter to recover benefits due Plaintiff under the Plan.

23. Plaintiff is entitled to attorney fees for all actions taken against Defendant in a court of law.

WHEREFORE, Eddy Galvez prays for judgment against Federal Express Corporation and Hartford Life Insurance Company as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, including contingent benefits, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3.	For costs of suit; and,

4.	For all other relief as the facts and law may provide.

                Respectfully submitted,

                */s/Loyd J. Bourgeois, Jr.*
                Loyd J. Bourgeois, Jr., La. Bar No. 29771
                50 Wade St., Ste 9
                Luling, Louisiana 70070
                Tel: (985) 240-9773; Fax: (866) 882-3988
                Email: loyd@ljblegal.com
                *Attorney for Plaintiff*